# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY BRADY EBERHARDT,<br><br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>DOCTOR AW, et al.,<br><br>　　　　　　　Defendants. | )　1:13cv00645 DLB PC<br>)<br>)　ORDER DISMISSING<br>)　COMPLAINT WITH LEAVE<br>)　TO AMEND<br>)<br>)　THIRTY-DAY DEADLINE<br>)<br>)<br>) |

Plaintiff Larry Brady Eberhardt ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013.  He names Dr. Aw, Nurse Cherrie, the Fresno County Jail and the Fresno County Jail Medical Department as Defendants.[1]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

---

[1] On May 13, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

1

§ 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Id. at 1949.  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Center in Susanville, California.  The events complained of occurred while he was housed at the Fresno County Jail.

Plaintiff contends that on or around March 15, 2013, Defendant Aw placed him on psych medication.[2]  Plaintiff states that he never saw the psych team at the Fresno County Jail for psychotic behavior, and he has never complained about needing psych meds.

---

[2] The Court notes that these claims may not be exhausted.  However, exhaustion is an affirmative defense and the Court need not address it here.

The medication was stopped on or around March 30, 2013.  A member of the psych team told Plaintiff that he would talk to Defendant Aw "about his wrongdoing."  Compl. 3.  After the psych meds stopped, Plaintiff developed other medical problems, including shaking spells, bad headaches and some loss of memory.  He contends that "taking the unauthorized psych medication" caused these additional problems.  Compl. 3.

He also states that he took the medication without knowing what it was.  Defendant Cherrie passed out the medication.  When he asked her what the blue pill was, she told him it was a psych med.

Plaintiff states that he sent in numerous green slips to treat the new problems, but "he won't call me out" for examination.  Compl. 3.

C.      **ANALYSIS**

   1.      Fresno County Jail and Fresno County Medical Department

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003*);* Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Rather, a local government unit may only be held liable if it inflicts the injury complained of.  Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered."  Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989).

Here, Plaintiff names the Fresno County Jail and the Fresno County Jail Medical Department.  However, he makes no allegations that would sustain liability under Monell.

Plaintiff does not allege facts to support a claim that an alleged constitutional violation was the result of a deliberate policy, custom or practice instituted by Fresno County.  He also fails to allege that any omission on the part of Fresno County caused an employee to commit a constitutional violation.

Plaintiff therefore fails to state a claim against the Fresno County Jail or the Fresno County Jail Medical Department.  Plaintiff will be granted leave to amend, but should only do so if he believes he can amend in good faith.

    2.    <u>Eighth Amendment</u>

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, <u>Morgan</u>, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, inmates must show deliberate indifference to a substantial risk of harm to their health or safety.  <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144, 1151-52 (9th Cir. 2010); <u>Foster v. Runnels</u>, 554 F.3d 807, 812-14 (9th Cir. 2009); <u>Morgan</u>, 465 F.3d at 1045; <u>Johnson</u>, 217 F.3d at 731; <u>Frost v. Agnos</u>, 152 F.3d 1124, 1128 (9th Cir. 1998).

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  <u>Wilhelm</u>, 680 F.3d at 1122 (citing <u>Jett</u>, 439 F.3d at 1096).  The requisite state of mind is one of subjective

1  recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d
2  978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.
3  Deliberate indifference may be shown "when prison officials deny, delay or intentionally
4  interfere with medical treatment, or it may be shown by the way in which prison physicians
5  provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal
6  quotation marks omitted).

        a.    *Defendant Aw*

Plaintiff appears to allege that Defendant Aw prescribed psychiatric medication that he believes was either unauthorized or unnecessary.  Plaintiff further contends that he did not receive treatment for the medical issues caused by the medication.

Plaintiff does not include sufficient factual information, however, to determine whether Defendant Aw acted with deliberate indifference.  Although Plaintiff cites "wrongdoing," he fails to elaborate on his statement.  Plaintiff provides no facts that suggest that Defendant Aw knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.  Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994).

In fact, as alleged, the facts suggest little more than a difference of opinion.  "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Therefore, while Plaintiff may ultimately be able to state an Eighth Amendment claim, he has not alleged sufficient facts about Defendant Aw's treatment to do so.  Plaintiff will be granted leave to amend this claim.

      b.    *Defendant Cherrie*

Plaintiff's only allegations against Defendant Cherrie relate to her duties of passing out medications.  She also told Plaintiff what the medication was when he asked.  Again, these allegations do not suggest any type of deliberate indifference.  Plaintiff will be granted leave to amend this claim.

**D.**    **CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide Plaintiff with an opportunity to file an amended complaint, if he believes, **in good faith**, that he can cure the deficiencies identified above.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. <u>If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.</u>

IT IS SO ORDERED.

Dated:   **December 30, 2013**                    /s/ *Dennis L. Beck*
                                                               UNITED STATES MAGISTRATE JUDGE