# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY BRADY EBERHARDT,   )   1:13cv00645 DLB PC
                         )
         Plaintiff,      )   ORDER DISMISSING FIRST
                         )   AMENDED COMPLAINT
    vs.                  )   WITHOUT LEAVE TO AMEND
                         )
DOCTOR AW, et al.,       )
                         )
         Defendants.     )

Plaintiff Larry Brady Eberhardt ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on May 3, 2013.[1]  Pursuant to Court order, Plaintiff filed a First Amended Complaint ("FAC") on January 30, 2014.  He names Dr. Aw as the sole Defendant.[2]

**A.   LEGAL STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

---

[1] On May 13, 2013, Plaintiff consented to the jurisdiction of the United States Magistrate Judge for all purposes.

[2] Plaintiff also includes Nurse Cherrie in the caption of his complaint, though he does not list her as a defendant in the body of the complaint and does not include her in any of the factual allegations.  In the prior screening order, the Court explained that the facts alleged against Nurse Cherrie did not demonstrate that she was deliberately indifferent to a serious medical need.  As Plaintiff did not amend to include any facts against Nurse Cherrie, the Court will not discuss her further.

1

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

B.      **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently incarcerated at the California Correctional Center in Susanville, California. The events complained of occurred while he was housed at the Fresno County Jail.

Plaintiff alleges that Defendant Aw prescribed him psych medication when he complained about chronic back pain, a problem that Plaintiff has had since 1994.  Plaintiff explained to Defendant Aw that he had been taking certain medications for his back pain, but Defendant Aw put him on psych medication.  Plaintiff contends that this caused a temporary loss of memory, shaking of his right hand and terrible headaches.  Now that Plaintiff is in prison, his back pain is worse and he is unable to hold a prison job.

C.     **DISCUSSION**

   1.     Eighth Amendment Legal Standard

For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012) (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.  Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted).

2. <u>Analysis</u>

In the prior screening order, the Court explained that Plaintiff failed to include sufficient factual information to allege that Defendant Aw acted with deliberate indifference.

In his FAC, although Plaintiff provides more information as to Defendant Aw's treatment, his allegations continue to be insufficient. Plaintiff states that he complained of chronic back pain, but Defendant Aw prescribed him psych medication. Plaintiff told Defendant Aw that he had taken certain medications for back pain, but Defendant Aw nonetheless gave him psych medication, which ultimately caused health problems for Plaintiff.

Plaintiff again fails to demonstrate that Defendant Aw acted with deliberate indifference, i.e., that Defendant Aw knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994). Although Plaintiff alleges that Defendant Aw gave him psych medications in response to complaints about back pain, Plaintiff fails to allege any facts to suggest that Defendant Aw did so with the requisite state of mind.

Instead, Plaintiff alleges simply that Defendant Aw responded to back pain with psychiatric medication. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S.Ct. 285 (1977); <u>Snow v. McDaniel</u>, 681 F.3d 978, 987-88 (9th Cir. 2012), overruled in part on other grounds, <u>Peralta v. Dillard</u>, 744 F.3d 1076, 1082-83 (9th Cir. 2014); <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1122 (9th Cir. 2012).

Even assuming that Defendant Aw made a mistake in his treatment, an Eighth Amendment claim may not be premised on even gross negligence by a physician. <u>Wood v. Housewright</u>, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff therefore fails to state a claim against Defendant Aw. Plaintiff was given an opportunity to amend, but has failed to cure the deficiencies.

**D.      CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim under section 1983.  Plaintiff has been given an opportunity to correct the deficiencies, but his FAC does not allege sufficient facts to demonstrate that Defendant Aw acted with deliberate indifference.  The Court finds that further leave to amend is not warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED WITHOUT LEAVE TO AMEND for failure to state a claim for which relief may be granted.

This terminates this action in its entirety.

IT IS SO ORDERED.

Dated:   **June 4, 2014**                    /s/ *Dennis L. Beck*
                                                              UNITED STATES MAGISTRATE JUDGE

5